UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNETH D. VAUGHN, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:09-CV-411 RM |
| STATE OF INDIANA, | ) ) ) | |
| Defendant | ) | |

## OPINION AND ORDER

Kenneth Vaughn, a prisoner confined at the Westville Correctional Facility, filed a civil complaint against the State of Indiana alleging that he was denied a fair trial in violation of the Constitution's Sixth and Fourteenth Amendments when his "public defender refused to call a witness I want[ed] to testify. I informed the judge of this matter, and the judge said well may[be] that's his strategy." (Complaint at p. 2). Mr. Vaughn asked for another attorney, but the court denied his request. He also alleges that his attorney refused to argue that he was not guilty but instead argued that he was guilty of a lesser charge. He asserts that "due to the acts of the judge and my public defender I was denied a fair trial. Which ultimately led my conviction and false imprisonment." (Complaint at p. 3). Mr. Vaughn also asserts that his public defender and the presiding judge violated rights protected by the Constitution's Fifth and Eighth Amendments and several provisions of the Indiana Constitution.

Under 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

Although he didn't mention it in this complaint, the records of this court establish that Mr. Vaughn has filed two previous civil complaints in this court dealing with events at his criminal trial. One of these cases, Kenneth Vaughn v. Lake County Indiana and the State of Indiana, 3:09cv170 JVB is still before the court; the other, Kenneth Vaughn v. Lake County Public Defender's Office, et al., 3:09cv71 JVB, was dismissed on July 1, 2009, pursuant to 28 U.S.C. § 1915A(b)(a). In 3:09cv71 JVB, Mr. Vaughn sued the State of Indiana, the Lake County Public Defender's Office and its supervisor, his public defender, Noah Holcomb, and the Lake County Commissioners, alleging that Mr. Holcomb's ineffective representation deprived him of a fair trial, resulting in his conviction of criminal charges.

That case was dismissed on the merits on July 2, 2009. In its dismissal order, the court concluded that the Eleventh Amendment barred Mr. Vaughn's claims against the State of Indiana and that his "damage claims against the Public Defender's Office were barred because his public defender, Holcomb, did not act under color of state law . . . [and] . . . if a defendant in a § 1983 action did not act 'under color of state law,' the action against

2

him must be dismissed." (3:09cv71 JVB, DE 12, p. 3). The court also concluded that "[t]he prosecutor, Haley, is immune from suit because 'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.' Imbler v. Pachtman, 424 U.S. 409, 431 (1976)." (*Id.*).

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Highway J Citizens Group v. United States DOT, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted).

The complaint in 3:09cv71 JVB establishes that the State of Indiana was a defendant in that case as well as this one, and that both complaints deal with the same events. In his complaint in 3:09cv71 JVB, Vaughn alleged that:

> My right to a fair trial was denied, my right to represent myself also. Several right[s] were denied to me by the Lake County Court system, and its public defenders office.
>
> * * *
>
> Also during the trial the Lake County Court staff violated the gag law by putting their hands over the plaintiff's mouth. Mr. Vaughn['s] lawyer fell (sic) to represent him whole heartedly. The public defender['s] office fell (sic) to provide their client with proper representation. It was even verbally express[ed] that Vaughn would not receive any changes in attorney's.

3

3:09cv71 JVB DE 1 at pp. 2-3.

In this complaint, Mr. Vaughn alleges that "due to the acts of the judge and my public defender I was denied a fair trial. Which ultimately led my conviction and false imprisonment." (Complaint at p. 3).

Comparison of the two complaints establishes that the defendant named in this complaint was one of the defendants Mr. Vaughn sued in his earlier complaint and that both complaints are based on the same operative facts. The docket in 3:09cv71 JVB establishes that the court dismissed the complaint pursuant to 28 U.S.C. § 1915A(a) on the merits. Thus these two complaints have an identity of the parties and an identity of the operative facts, and the final judgment in 3:09cv71 JVB was on the merits. Accordingly, all of the elements necessary for the doctrine of *res judicata* are present.

Moreover, even on the merits, this complaint states no claim upon which relief can be granted. Mr. Vaughn's damage claims against the State of Indiana, the sole defendant, are barred by the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment "bar[s] a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988).

4

Had Mr. Vaughn sued the Judge and public defender, whose actions he alleges denied him a fair trial, his complaint would state no claim against them for the reasons stated in the court's memorandum and order in 3:09cv71 JVB.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: September  14 , 2009

> /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court